[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10520

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ANTHONY HOOD,
a.k.a. Anthony Curtis Hood,
a.k.a. Anthony C. Hood,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

D.C. Docket No. 4:23-cr-00005-CDL-MSH-1

_____

Before NEWSOM, GRANT, and BLACK, Circuit Judges.

PER CURIAM:

Anthony Hood appeals his 37-month, within-Guidelines range sentence for being a felon in possession of a firearm. He asserts his sentence is procedurally unreasonable because the district court failed to adequately explain its decision under 18 U.S.C. § 3553(c), and his sentence is substantively unreasonable because the district court improperly weighed the sentencing factors under 18 U.S.C. § 3553(a). After review, we affirm.

## I.  PROCEDURAL REASONABLENESS

Under § 3553(c), the sentencing court must state in open court the reasons for imposing a particular sentence. 18 U.S.C. § 3553(c). Whether a sentencing court's explanation satisfies § 3553(c) "necessarily depends upon the circumstances of the particular case." *United States v. Steiger*, 99 F.4th 1316, 1321 (11th Cir. 2024) (*en banc*) (quotation marks omitted). We have held a district court's explanation was "sufficient" to satisfy § 3553(c) where (1) it stated it had considered the presentence investigation report (PSI), the § 3553(a) factors, and the parties' arguments; (2) the parties discussed the § 3553(a) factors in their arguments; and (3) even though the district court had not discussed the defendants' individual circumstances, both the PSI and the parties' arguments—which the

district court stated it considered—did discuss those circumstances. *United States v. Cabezas-Montano*, 949 F.3d 567, 609 (11th Cir. 2020).

Hood did not object to the district court's explanation of its chosen sentence, so review is for plain error. *See Steiger*, 99 F.4th at 1322 (reviewing a district court's unobjected-to failure to explain a sentence under 18 U.S.C. § 3553(c) for plain error). Hood cannot show error[1] because the district court's statements at the sentencing hearing satisfied § 3553(c). First, the district court stated it had considered the Guidelines range, the § 3553(a) factors, and Hood's individual circumstances in determining his sentence, and it accepted the findings in the PSI. *See Cabezas-Montano*, 949 F.3d at 609. Furthermore, although the district court did not specifically discuss each § 3553(a) factor, the record reflects that it considered the factors because Hood's downward variance argument—which the court did consider—discussed the § 3553(a) factors. *See id.* Moreover, the district court's many questions to both Hood and the Government relating to Hood's criminal history and the ownership of the gun show it considered the nature and circumstances of the offense and the history and characteristics of the offender. The district court's explanation of its chosen sentence was therefore "sufficient" to satisfy § 3553(c). *Id.*

---

[1] To satisfy plain error review, the appellant must show that: (1) an error occurred; (2) the error was plain; and (3) the error affected the defendant's substantial rights. *Steiger*, 99 F.4th at 1324. "If all three conditions are met, then an appellate court has discretion to correct the forfeited error if it (4) seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Id*. (quotation marks and brackets omitted).

## II.  SUBSTANTIVE REASONABLENESS

A sentence may be substantively unreasonable when it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) considers the proper factors but commits a clear error of judgment in doing so.  *United States v. Oudomsine*, 57 F.4th 1262, 1266 (11th Cir. 2023).  Ultimately, we will vacate on substantive reasonableness grounds only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences."  *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*) (quotation marks omitted).

The district court did not abuse its discretion in sentencing Hood to 37 months' imprisonment.  *See Oudomsine*, 57 F.4th at 1266 (stating we review the substantive reasonableness of a sentence for abuse of discretion).  While the district court did not explicitly discuss the individual § 3553(a) factors, it acknowledged that it considered the § 3553(a) factors, which is sufficient in the substantive reasonableness context.  *See United States v. Taylor*, 997 F.3d 1348, 1354-55 (11th Cir. 2021) (explaining a district court need not explicitly address each of the § 3553(a) factors, and an acknowledgment that it considered the § 3553(a) factors is sufficient).  The record reflects the district court considered the nature and circumstances of Hood's offense, his history and characteristics, and the applicable Guidelines range in determining his sentence.  Although Hood maintains the district court incorrectly weighed these factors in

crafting his sentence, the weight given to each § 3553(a) factor is left to the district court's sound discretion, and this Court will not substitute its judgment for the district court's by reweighing the relevant factors on appeal. *See Oudomsine*, 57 F.4th at 1267 (stating the weight given to each § 3553(a) factor is committed to the sound discretion of the district court, and we will not substitute our judgment for that of the district court by reweighing them). Moreover, Hood's 37-month sentence was at the bottom of the Guidelines range and was "well below" the ten-year statutory maximum, both of which indicate reasonableness. *See Taylor*, 997 F.3d at 1355 (explaining a sentence "well below" the statutory maximum is an indicator of reasonableness); *Cabezas-Montano*, 949 F.3d at 611 (stating where a sentence is within the Guidelines range, we ordinarily expect it to be reasonable).

Because the district court considered the § 3553(a) factors and imposed a sentence that was both within the Guidelines range and well below the statutory maximum, Hood's sentence is not "outside the range of reasonableness sentences" and the district court did not abuse its discretion. *See Irey*, 612 F.3d at 1190. Accordingly, we affirm.

**AFFIRMED**